WILLIAM E. FITZPATRICK
Acting United States Attorney
DANIEL W. MEYLER
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. 973-645-2719
Fax. 973-297-2010
daniel.meyler@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRACY GIST,<br><br>    *Plaintiff,*<br><br>    v.<br><br>PABLO TORRES and U.S. POSTAL SERVICE,<br><br>    *Defendants.* | Hon.<br><br>*Civil Action No.* 17-cv-9313<br><br>NOTICE OF REMOVAL OF CIVIL ACTION |

To:    Clerk, Superior Court of New Jersey
        Law Division
        Passaic County Courthouse
        77 Hamilton Street
        Paterson, NJ 07505

        Joseph M. Simantov, Esq.
        The Simantov Law Firm, P.C.
        100 Jefferson Ave., 3rd Floor
        Elizabeth, NJ 07201
        (908) 469-6700

        Michelle M. Smith, Esq., Clerk
        Office of the Superior Court Clerk
        Richard J. Hughes Justice Complex
        25 W. Market Street, 6th Floor North Wing
        Trenton, NJ 08625

PLEASE TAKE NOTICE that the case of *Gist v. Torres, et al.*, previously pending in the Superior Court of New Jersey, Passaic County, Law Division, assigned Docket Number PAS-L-2996-16, is hereby removed to the United States District Court for the District of New Jersey, pursuant to the provisions of 28 U.S.C. §§ 1442(a)(1) and 2679(d).  Defendants Pablo Torres and the U.S. Postal Service (together, "Defendants"), through their attorney, William E. Fitzpatrick, United States Attorney for the District of New Jersey (Daniel W. Meyler, Assistant United States Attorney, appearing), state as follows upon information and belief:

1. On August 19, 2016, the Plaintiff filed a complaint naming Pablo Torres and the U.S. Postal Service as defendants in the above-captioned action, which was filed in the Superior Court of New Jersey, Passaic County, Law Division (the "State Court").  A copy of complaint is attached hereto as **Exhibit A**.

2. The complaint demands judgment for injuries allegedly sustained by Plaintiff as the result of a car accident with a U.S. Postal Service vehicle.

3. On January 6, 2017, the State Court issued a 60-day dismissal notice informing Plaintiff that the case would be dismissed pursuant to N.J. Rule 1:13-7 for lack of prosecution.  A copy of the State Court docket entry evidencing the 60-day dismissal notice is attached as **Exhibit B**.

4. On March 10, 2017, the State Court dismissed this action for lack of prosecution.  A copy of the State Court order dismissing the case is attached as **Exhibit C**.

5. On or about July 5, 2017, over 10 months after the case was filed and

after the case was dismissed, Plaintiff served the U.S. Postal Service with a copy of the complaint. A copy of the proof of service on the U.S. Postal Service is attached as **Exhibit D**.

6. On or about July 10, 2017, over 10 months after the case was filed and after the case was dismissed, Plaintiff served Pablo Torres with a copy of the complaint. A copy of the proof of service on Mr. Torres is attached as **Exhibit E**.

7. On or about October 6, 2017, over a year after originally filing the complaint, the Plaintiff filed a notice of motion in the State Court to reinstate the complaint and enter default against Defendants. The return date on Plaintiff's motion to reinstate was October 27, 2017. A copy of Plaintiff's motion to reinstate is attached as **Exhibit F**.

8. At all times relevant to this Complaint, Pablo Torres was an employee of the U.S. Postal Service, a federal agency.

9. Pursuant to 2679(d)(2) of the Federal Tort Claims Act ("FTCA"), and 28 C.F.R. § 15.4, the United States Attorney's Office has certified that Pablo Torres was acting within the scope of his federal office or employment with the U.S. Postal Service at the time of the incidents alleged in the Complaint. A certification of scope of employment is attached as **Exhibit G**.

10. Federal law directs that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court *shall be removed without bond at any*

*time before trial* by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." 28 U.S.C. § 2679(d)(2) (emphasis added). Upon information and belief, no trial date for this matter has been set by the State Court.

11.  Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2).

12.  No answer to the Complaint has been filed in the State Court on behalf of Defendants.

13.  The United States expects to move to dismiss this action under the FTCA because plaintiff has failed to bring an action against the United States "within six months" of the denial of her administrative claim. *See, e.g.*, *Arriaga v. U.S. Border Patrol*, No. 09-cv-696, 2009 WL 10671313 (S.D. Cal. Oct. 17, 2009).

14.  A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Passaic County, Law Division. Copies of the Notice of Removal will also be served on all parties that have appeared in the action in accordance with 28 U.S.C. § 1446(d).

THEREFORE, in accordance with 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2), the above-captioned action brought in the Superior Court of New Jersey, Passaic County, Law Division, is hereby removed to the United States District Court for the District of New Jersey for further proceedings.

[**Continued on next page**]

-5-

Dated: Newark, New Jersey
October 25, 2017

>WILLIAM E. FITZPATRICK
>Acting United States Attorney
>
>By: */s/ Daniel W. Meyler*
>DANIEL W. MEYLER
>Assistant United States Attorney